UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
VIGILANT INSURANCE COMPANY as subrogee of
PASTERNAK, BAUM & CO., INC.,

                              Plaintiff,

    -against-

MT CIELO DI SALERNO, and D'AMICO TANKERS,
LTD.,

                             Defendants.
----------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**JURY DEMANDED**

Plaintiff, Vigilant Insurance Company as subrogee of Pasternak, Baum & Co., Inc., by its attorneys, Cozen O'Connor, as and for its complaint herein, alleges the following upon information and belief:

## THE PARTIES

1. Plaintiff, Vigilant Insurance Company (hereinafter "Plaintiff" or "Vigilant"), as subrogee of Pasternak, Baum & Co., Inc., is a foreign corporation duly organized and existing under the laws of the State of New York, with its domiciliary address at 55 Water Street, New York, New York, and which has its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

2. Vigilant, at all times relevant hereto, was and is engaged in business as an insurer and licensed to issue policies of insurance in the State of New York.

3. The subrogee, Pasternak, Baum & Co., Inc., (hereinafter "Pasternak"), is a New York company, and was and is engaged in, *inter alia*, the brokerage and trading of agricultural

        commodities internationally and has its main offices locate at 500 Mamaroneck Avenue, # 504 in Harrison, New York.

4.      At all times material hereto, the MT Cielo Di Salerno (the "Vessel") operates as a vessel and tanker under the flag of Liberia and International Maritime Organization (IMO) Number 9231614.

5.      At all times material hereto, the Defendant d'Amico Tankers, Ltd., (hereinafter "D'Amico") was and is a foreign company and chartered, owned and/or operated the Vessel and was and now is engaged in the transportation and common carriage of goods by sea for hire in international commerce. D'Amico has its principal United States offices at One Atlantic Street, 6th Floor, Stamford, Connecticut 06901 and has its main office at The Achorage, 17-19 Sir John Rogerson's Quay, Dublin D02DT18, Ireland.

6.      Upon information and belief, D'Amico is a subsidiary of d'Amico Societa' Di Navigazione S.P.A which has its main offices at Corso d'Italia 35b, 00198, Rome, Italy.

## JURISDICTION AND VENUE

7.      This is an action for loss and damage to cargo and is a claim within the jurisdiction of this Court as an admiralty or maritime claim brought within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

8.      The jurisdiction of this court is also invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and/or countries and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

9. Venue and subject-matter jurisdiction is also proper as both parties agreed to incorporate United States federal law and litigate in the Southern District of New York under the charter contract of carriage, the applicable Bills of Lading and/or under a Letter of Undertaking provided in connection with the damaged Cargo.

## FACTS COMMON TO ALL COUNTS

10. Prior to November 4, 2015, shipments of Honduran Crude Palm Oil (the "Cargo") were delivered to D'Amico and the Vessel in good order and condition free of exceptions or other notations for damage, contamination or shortage, which Defendants received, accepted and agreed to transport through international seas, all in consideration of charges paid or to be paid by Pasternak and in accordance with the terms of certain contracts of carriage.

11. On or about November 4, 2015, the Vessel arrived in the port of Rotterdam, Netherlands at which time the Cargo became contaminated and, as such, was not in like good order and condition as when shipped, delivered to and received by Defendants, but was contaminated, thereby permanently ruined, detracting from the quality and marketability of said products, and impaired in value, all in breach of said contract of carriage, and of the Defendants' duties and obligations as carriers of goods by sea for hire. Specifically, while transporting the Cargo, D'Amico, the Vessel and/or its subcontractors, employees and/or agents negligently, carelessly, recklessly and/or intentionally caused the Cargo to become mixed with other substances onboard the Vessel thereby contaminating Cargo.

12. Thereafter, D'Amico and/or its subcontractors, employees and/or agents negligently, carelessly, recklessly and/or intentionally failed to deliver the Cargo to the agreed place of delivery in good order and condition.

13. Vigilant was the insurer of the owner of aforesaid Cargo and brings this action on its own behalf and as Plaintiff is entitled to maintain in this action.

14. As a result of the damage to the Cargo, Pasternak filed a claim with Vigilant under its policy of insurance, and Vigilant Insurance paid Pasternak and other entities an amount in excess of One Hundred Thousand Dollars ($100,000).

15. Pursuant to the terms of the insurance contracts, and otherwise by operation of law, Vigilant is contractually, legally and equitably subrogated, to the extent of its payments, to Pasternak's rights against MT Cielo Di Salerno and D'Amico to recover for the amounts paid as a result of the loss.

## FIRST CAUSE OF ACTION
### Breach of Contract

16. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" above, as if more fully set forth herein.

17. MT Cielo Di Salerno and D'Amico received the Cargo in good order and condition and contracted and otherwise agreed to perform the transportation and/or storage of the Cargo and deliver same in accordance with the aforementioned agreement in the same good order and condition received.

4

18. The Cargo was delivered short, contaminated, missing, and/or damaged, due to M/T Cielo Di Salerno and D'Amico's failure to comply with the terms and agreements made with Pasternak for the protection, insurance storage and care of the cargo, entrusted to MT Cielo Di Salerno and D'Amico's possession, or the possession of its agents, employees, and/or servants.

19. MT Cielo Di Salerno and D'Amico's actions and/or omissions breached the contract.

20. As a result of MT Cielo Di Salerno and D'Amico's breach of contract, the Plaintiff sustained damages in an amount in excess of One Hundred Thousand Dollars ($100,000).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## SECOND CAUSE OF ACTION
### Breach of Bailment Obligations

21. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" above, as if more fully set forth herein.

22. MT Cielo Di Salerno and D'Amico's were acting as bailees of Pasternak's Cargo or otherwise had a duty to care for the aforementioned merchandise at the time it was damaged. MT Cielo Di Salerno and D'Amico thereby warranted and had a legal duty to safely keep, care for, and deliver the merchandise in the same condition as when entrusted to it, and to perform their services with reasonable care and in a non-negligent and workman-like manner.

23. MT Cielo Di Salerno and D'Amico breached those obligations and negligently failed to store, handle secure, and deliver the Cargo to Pasternak or its designee.

24. By reason of the foregoing, the Plaintiff sustained damages in an amount in excess of One Hundred Thousand Dollars ($100,000).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

### THIRD CAUSE OF ACTION

#### Common Law Negligence, Carelessness or Recklessness

25. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" above, as if more fully set forth herein.

26. MT Cielo Di Salerno and D'Amico were acting as bailee or carrier or otherwise had a duty to care for the Cargo at the time it was lost or damaged.

27. MT Cielo Di Salerno and D'Amico acted negligently, recklessly, carelessly and/or engaged in intentional misconduct in that MT Cielo Di Salerno and D'Amico, their agents and/or employees knowingly, negligently and/or recklessly failed to ensure that the Cargo would be adequately stored, handled, secured, and delivered to prevent any loss or damage thereto.

28. By reason of the foregoing negligence, carelessness and/or recklessness, the Plaintiff sustained damages in an amount in excess of One Hundred Thousand Dollars ($100,000).

**WHEREFORE**, the Plaintiff requests:

(a) That process in due form of law may issue against the Defendants citing them to appear and answer all matters aforesaid;

(b) That judgment be entered in favor of Plaintiff and against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000) together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit; and

(c) Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
October 4, 2016

        COZEN O'CONNOR

        *Attorneys for Plaintiff*

By: _____
Robert W. Phelan, Esq.
45 Broadway, 16th Floor
New York, New York 10006
(212) 908-1274

LEGAL\28126418\1 00012.0006.000/378725.000